Mendel and another vs. Paepke and another.

| 69 | 529 |
|-----|------|
| 115 | 303 |

MENDEL and another, Appellants, vs. PAEPKE and another, Respondents.

*October 11 — November 1, 1887.*

*Interest on overdue bills: Payments, application of.*

Under a contract for the sale of goods, which expressly provides that the purchaser shall not be required to pay interest on overdue bills, the seller cannot apply money paid to him on account upon interest on such bills, and maintain a suit for a balance of account remaining after such application.

APPEAL from the Circuit Court for *Winnebago* County. The facts are sufficiently stated in the opinion.

For the appellants the cause was submitted on the brief of *W. J. Allen.* He contended, among other things, that the defendants could not avail themselves of any agreement

by plaintiffs' agent not to charge interest, because they had not set up that defense in their answer. Sec. 2655, R. S. Interest was chargeable according to the usual course of business, and defendants could relieve themselves from its payment only by showing a valid agreement to that effect, founded on a good consideration. In the wholesale trade the bills are due at specified times, and there are no unliquidated accounts.

For the respondents there was a brief by *Smith & Schœtz*, and oral argument by *Eldridge Smith*.

LYON, J.   The action was brought to recover a disputed balance of account of $100.   This appeal is by the plaintiffs from a judgment dismissing their complaint on the merits. The plaintiffs are wholesale grocers, doing business in Milwaukee, and the defendants are retail grocers, doing business in Neenah, and were customers of the plaintiffs.   Up to June 12, 1883, the dealings of the parties amounted to several thousands of dollars.   At that date the plaintiffs struck a balance on their ledger of defendants' accounts, and found due from the defendant firm $1,114.42.   The account was then continued to November 24, 1884, when it was balanced by the payment of a draft drawn by the plaintiffs on the defendants.   Early in 1886 the plaintiffs ascertained that in the footings of June 12, 1883, there was an error against them of $100.   The defendants refused to pay the same, and this action was brought to recover it. The defendants admit the error, but allege that on June 12, 1883, they paid the plaintiffs' agent on account $100, of which sum only forty-four cents is credited to them.   The plaintiffs admit the payment of the $100 aforesaid, but allege that $99.56 thereof was applied by them in payment of interest, which had theretofore accrued on the defendants' account.

The defendants claim and the referee to whom the cause

was referred to hear, try, and determine, found that it was specially agreed between the defendants and plaintiffs' agent, at the time of the purchase of the goods, that the defendants should not pay interest on account thereof, if the same was not paid as the bills became due. The testimony in support of this finding is uncontradicted. It also appears that no itemized account of the plaintiffs containing any charge for interest was rendered by them to the defendants before February, 1886, nor does it appear that the defendants knew until that time that the plaintiffs were charging them interest on account. Upon the foregoing facts, concerning which there seems to be no controversy, it is clear that the $100 . paid June 12, 1883, which the defendants directed should be applied on their account, ought to have been so applied. Had this been done, it would offset the error in the footings of that date, and make $1,114.42 the true balance of the account. The account was paid and closed November 24, 1884, on the basis of that balance; and, there being an affirmative agreement that no interest should be charged, there is no reason for disturbing it as then settled and closed. The referee so found, and the circuit court confirmed such finding, and gave judgment for the defendants. We perceive no good reason for disturbing such judgment.

*By the Court.*— Judgment affirmed.